UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAWN SMITH,

                              Plaintiff,

v.                                                  **DECISION AND ORDER**
                                                        10-CV-608S

STOCKWELL CONSTRUCTION CO., INC.,
et al.,

                              Defendants.

## I. INTRODUCTION

In this case, Plaintiff Dawn Smith alleges that Defendants, as the administrators and fiduciaries of a profit sharing plan improperly denied Plaintiff's claim for payment of benefits, as well as neglected to provide various documents, records, and other information as required under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B) and 1109(a), as well as § 1132(c)(1)(B). Plaintiff has named as defendants Stockwell Construction Co., Inc., Stockwell Construction Co., Inc. as administrator of Stockwell Construction Co., Inc. Profit Sharing Plan (collectively "Stockwell"), Harry Stockwell, Jr., TPSI Welfare, LLC, as Third Party Administrator of Stockwell Construction Co., Inc. Profit Sharing Plan, and the Individual, Association, Corporation, Limited Liability Corporation, Company, or other entity doing business as TPSI, as Third Party Administrator of Stockwell Construction Co., Inc. Profit Sharing Plan (collectively "TPSI"). Presently before this Court is Defendants' Motion to Dismiss various claims in the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] For the following reasons, Defendants' Motion is granted in part and denied in part.

---

[1] In support of their Motion to Dismiss, Defendants filed a Memorandum of Law; a Reply Memorandum; the Affidavit of Jennifer Davie, Esq., with Exhibit; and the Affidavit of Gary F. Kotaska, Esq, with Exhibits. (Docket Nos. 14, 19, 20.) In opposition to Defendants' motion, Plaintiff filed the Affidavit of Diane Ciurczak, Esq., with Exhibits; and a Memorandum of Law. (Docket Nos. 16, 17, 18.)

## II. BACKGROUND

### A. Factual History

In adjudicating Defendants' Motions to Dismiss, this Court assumes the truth of the following factual allegations contained in Plaintiff's Complaint. See Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740, 96 S. Ct. 1848, 1850, 48 L. Ed. 2d 338 (1976); see also Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 63 (2d Cir. 1997). Decedent was employed by Stockwell Construction Co., Inc, and accrued benefits under the Stockwell Construction Co., Inc. Profit Sharing Plan ("the Plan"). (Amended Complaint ("Comp."), Docket No. 11, ¶ 10.) Pursuant to the Plan, Decedent designated his spouse, Dawn Smith, Plaintiff in this case, as the beneficiary of his Plan benefits. (Id. ¶ 12.) Decedent did not amend this designation, even after he and Plaintiff divorced. (Id.) Decedent subsequently died on January 31, 2007, at which time Plaintiff made a claim for payment of benefits. (Id. ¶¶ 13, 14.) Plaintiff's claim and subsequent appeal were denied. (Id. ¶ 14.) Benefits were instead paid to Decedent's father. (Id. ¶ 15.) Plaintiff alleges that this payment was in error. Plaintiff also alleges that Defendants sent her a notice of denial that failed to inform her of her right to receive reasonable access to and copies of all documents, records, and other information relevant to claim benefits, and that the Plan required inclusion of this information. Plaintiff further alleges that the notice of denial failed to include a description of the Plan's appeal procedures, including her right to bring an action under ERISA § 502(a).

### B. Procedural History

Plaintiff commenced this case on July 23, 2010, by filing a Complaint in the United States District Court for the Western District of New York. Plaintiff filed an Amended Complaint on September 28, 2010. Defendants filed the instant motion to dismiss on October 20, 2010. Briefing concluded on December 3, 2010, at which time this Court time

took the matter under advisement without oral argument.

### III. DISCUSSION AND ANALYSIS

#### A. Motion to Dismiss Standard

Rule 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of the claim. Fed. R. Civ. P. 8(a)(2). But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007). When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007); Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008).

Legal conclusions, however, are not afforded the same presumption of truthfulness. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 1945 (quoting Twombly, 550 U.S. at 570). Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility is present when the factual content of the complaint allows for a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S. Ct. at 1949. The plausibility standard is not, however, a probability requirement; the pleading must

show, not merely allege, that the pleader is entitled to relief. Id. at 1950; Fed. R. Civ. P. 8(a)(2). Well-pleaded allegations in the complaint must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

As noted above, all well-pleaded factual allegations contained in the Complaint are assumed true and construed in the non-moving party's favor. See Still v. DeBuono, 101 F.3d 888, 891 (2d Cir. 1996). "[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991). If a plaintiff does not attach or incorporate by reference documents that are integral to the Complaint, the court may consider those documents without converting the motion to one seeking summary judgment. See Int'l Audiotext Network, Inc. v. AT & T, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam).

Although Plaintiff did not attach a copy of the Plan to her Complaint, she references the Plan therein, and it is clearly essential to this Court's analysis. (Compl., ¶¶ 7, 8, 9, 23, 30). Accordingly, this Court will consider the Plan, which is attached to the Affidavit of Gary F. Kotaska, in rendering its decision on the instant motion to dismiss. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191-93 (2d Cir. 2007) (considering ERISA plan documents on motion to dismiss).

## B.   29 U.S.C. § 1132(a)(1)(B)

Defendants argue that the Amended Complaint's Count One, alleging failure to pay Plaintiff Plan benefits, must be dismissed as to those Defendants who took no action in denying Plaintiff's claim. Defendants further argue that the claims against TPSI must be dismissed because a third party administrator is not liable for denial of benefits. Plaintiff responds that she has brought suit against Stockwell Construction Co., Inc., TPSI, and Harry Stockwell, Jr. in their respective capacities as administrator of the plan, third party

administrator, and trustee. Plaintiff further argues that each of these defendants participated in the decision to deny the Plaintiff's benefits claim. "The Second Circuit has held that a claim for recovery of benefits under § 1132(A)(1)(B) is barred by a plaintiff's failure to name the right defendant." Mott v. IBM, No. CV10-4933 (JFB)(WDW), 2011 WL 3846523, at *2 (E.D.N.Y. Aug. 9, 2011). Further, such a claim may only be brought "against a covered plan, its administrators or its trustees." Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 108 n.2 (2d. Cir. 2008). Thus, to the extent Plaintiff brings suit against any defendants in a capacity other than that of administrator or trustee, including in a corporate or individual capacity, Plaintiff's § 1132(a)(1)(B) claims must be dismissed. See Leonelli v. Pennwalt Corp., 887 F.2d 1195, 1199 (2d Cir. 1989) ("[O]nly the plan and the administrators and trustees of the plan in their capacity as such may be held liable."); Moore v. Fox Chevrolet, Oldsmobile, Cadillac, Inc., No. 5:06-CV-42(FJS/GJD), 2007 WL 925721, at *3 (N.D.N.Y. Mar. 26, 2007) (granting motion for summary judgment on § 1132(a)(1)(B) claim brought against employer where employer designated other entity as plan administrator in plan document).

A closer question is whether suit may be brought against TPSI as a third party administrator. "Courts have determined that when the plan administrator retains discretion to decide disputes, a third party service provider . . . is not a fiduciary of the plan, and thus not amenable to a suit under § 1132(a)(1)(B)." Nicholson v. Prudential Ins. Co. of Am., 235 F. Supp. 2d 22, 26 (D. Me. 2003) (quoting Terry v. Bayer Corp., 145 F.3d 28, 35 (1st Cir. 1998)). Defendants argue that TPSI was merely communicating the plan administrator's decision and that this is not enough to hold it liable under § 1132(a)(1)(B). As discussed later, Plaintiff's Amended Complaint is insufficient to show that TPSI had discretion to make a determination on Plaintiff's benefits. Accordingly, TPSI is not a proper defendant to Plaintiff's § 1132(a)(1)(B) claims. See Klover v. Antero Healthplans, 64 F. Supp. 2d

1003, 1011 (D. Colo. 1999) ("No provision of 29 U.S.C. § 1132(a)(1)(B) would entitle the [plaintiffs] to recover from the third party administrators for non-payment of benefits.").

Accordingly, Defendants' Motion to Dismiss Plaintiff's 29 U.S.C. § 1132(a)(1)(B) claims will be granted as to TPSI.  Defendant's motion will also be granted as to Stockwell and Stockwell, Jr., in their corporate and individual capacities, respectively.  Defendants' motion will be denied to the extent it seeks dismissal of Plaintiff's § 1132(a)(1)(B) claims against Stockwell as plan administrator and Stockwell, Jr. as trustee.

**C.    29 U.S.C. § 1132(a)(2)[2]**

Plaintiff also alleges that Defendants breached their fiduciary duties by wrongfully paying, to decedent's father, benefits owed Plaintiff.  Defendants argue that these claims must be dismissed as to Stockwell, Jr. because the Plan provided that he paid benefits in accordance with written instructions from the plan administrator. Defendants further argue that Plaintiff has failed to establish that TPSI acted with, or possessed any, discretionary authority.  Defendants also reiterate their view that they cannot be held liable outside their Plan-designated positions.

Under ERISA 29 U.S.C. § 1132(a)(2), a beneficiary of a plan can bring suit against a fiduciary alleging breach of a fiduciary duty in violation of 29 U.S.C. § 1109. Klecher v. Metro. Life Ins. Co., No. 01 Civ.9566 PKL, 2003 WL 21314033, at *9 (S.D.N.Y. June 6, 2003); see also Korda v. Sosner, No. 08-cv-106 (GBD)(RLE), 2009 WL 2568180, at *5 (S.D.N.Y. Aug. 19, 2009) (noting that ERISA permits suits to recover benefits only against the Plan as an entity, and suits for breach of fiduciary duty only against fiduciaries).  A plaintiff stating a claim for breach of a fiduciary duty under ERISA, must, through his

---

[2]Plaintiff's Amended Complaint lists her first cause of action as falling under § 1132(a)(1)(B) and § 1109(a).  Plaintiff's response to Defendants' Motion to Dismiss makes clear that the second charge in Count One, arising under 29 U.S.C. § 1109, is properly understood as arising under that provision, pursuant to 29 U.S.C. § 1132(a)(2).

pleadings, establish that "1) the defendant was a fiduciary of an ERISA plan who, 2) acting within the scope of his or her capacity as a fiduciary, 3) engaged in conduct constituting a breach of his or her fiduciary duty." Agway, Inc., Emps.' 401(k) Thrift Inv. Plan v. Magnuson, No. 5:03-CV-1060 (HGM/DEP), 2006 WL 2934391, at *10 n.16 (Oct. 12, 2006).

§ 1002(21)(A) provides that "a person is a fiduciary with respect to a plan to the extent . . . he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets." 29 U.S.C. § 1002(21)(A). "Whether or not an individual or entity is an ERISA fiduciary must be determined by focusing on the function performed, rather than on the title held." Toussaint v. JJ Weiser & Co., No. 04 Civ. 2592(MBM), 2005 WL 356834, at *7 (S.D.N.Y. Feb. 13, 2005) (quoting Blatt v. Marshall & Lassman, 812 F.2d 810, 812 (2d Cir. 1987)); see also Jones v. UNUM Provident Ins., No. 1:06-CV-01427(NPM), 2007 WL 2609791, at *5 (Sep. 5, 2007) (title does not necessarily define fiduciary status). A person or entity is a fiduciary if they (i) exercise discretionary authority, irrespective of whether such authority was ever granted, or (ii) have been granted discretionary authority even if they never exercised that authority. Jones, 2007 WL 2609791, at *5 (citing Bouboulis v. Transport Workers Union of America, 442 F.3d 55, 63 (2d Cir. 2006)).[3] Further, fiduciary duty claims under ERISA are considered under Rule

---

[3] § 1132(a)(2) previously required all plaintiffs to bring claims on behalf of the Plan. See McManus v. Gitano Group, Inc., 851 F. Supp. 79, 82 n.4 (E.D.N.Y. 1994) ("[B]ecause plaintiff seeks benefits for himself, he does not seek any relief authorized for breach of fiduciary duty under § 1132(a)(2)."). This requirement changed for plaintiffs seeking to recover under a defined contribution plans following the Court's decision in LaRue v. DeWolff, Bobey & Assocs., Inc., 552 U.S. 248, 128 S. Ct. 1020, 1026, 169 L. Ed. 2d 847 (2008)). "LaRue held that plaintiff participants in defined contribution pension plans may seek recovery for 'misconduct [that] impaired the value of plan assets in the participant's individual account[s],' and held further that [Massachusetts Mutual Life Insurance Co. v.]Russel's requirement of plan-wide recovery was 'beside the point in the defined contribution context.'" Fisher v. JPMorgan Chase & Co., 303 Fed. Appx. 979, 981 (2d Cir. 2008) (quoting LaRue 128 S. Ct. at 1022, 1025); Milgram v. Orthopedic Assocs. of 65 Pennsylvania Ave., Binghamton, N.Y., P.C., No. 3:02-cv-0255 (GLS), 2010 WL 3168100, at *2 (N.D.N.Y. Aug. 10, 2010). Here, Plaintiff alleges, and Defendants do not dispute, that the Plan at issue is a defined distribution plan. Defendants do not otherwise challenge that Plaintiff's breach of a fiduciary duty claims can go forward in light of LaRue and, for purposes of this motion, this Court will assume

8(a)'s "simplified pleading standard," requiring only a "short and plan statement of the claim showing that the pleader is entitled to relief," and not the heightened pleading standard of Rule 9(b). In re Marsh Erisa Litig., No. 04 Civ. 8157(SWK), 2006 WL 3706169, at *2 (Dec. 14, 2006) (quoting Fed. R. Civ. P. 8(a)). Allegations tracking ERISA's statutory language are sufficient at the pleading stage. Id. at *5. On this basis, this Court must consider whether Stockwell, Jr. or TPSI exercised such discretionary authority as to make them potentially liable under 29 U.S.C. § 1109(a).[4]

Here, the Amended Complaint identifies Stockwell, Jr. as the Plan's trustee. Moreover, the Plan states that Stockwell, Jr., as trustee, had the duty to invest plan assets. As a result, Stockwell, Jr. is clearly a Plan fiduciary. In re Lehman Bros. Sec. & ERISA Litig., 683 F. Supp. 2d 294, 298 (S.D.N.Y. 2010) ("Fiduciaries are those (1) so named in the plan, or (2) who exercise fiduciary functions."); 29 U.S.C. § 1002(21)(A). However, "it is settled that '[a] person may be a fiduciary with respect to certain matters, but not others, for he has that status only to the extent that he has or exercises the described authority or responsibility." Severstal Wheeling Inc. v. WPN Corp., No, 10 Civ. 954(GWG), 2011 WL 3849482, at *12 (S.D.N.Y. Sep. 1, 2011) (quoting F.H. Krear & Co. v. Nineteen Named Trs., 810 F.2d 1250, 1259 (2d Cir. 1987)); In re Marsh ERISA Litig., 2006 WL 3706169, at *5 ("Thus, when considering the fiduciary status of the various defendants listed in a complaint, the court must not only consider the plan documents and general allegations of fiduciary responsibility, but the particular context in which a fiduciary is named or a defendant is alleged to exercise discretionary responsibility."). Here, the Amended

---

Plaintiff's § 1132(a)(2) claims are not barred.

[4]Defendants do not appear to dispute that Plaintiff's fiduciary duty claim may be brought against Stockwell in its capacity as plan administrator. (Defendants' Reply Memorandum of Law in Support of Their Motion to Dismiss, Docket No. 19, 3.) Likewise, Plaintiff concedes that Stockwell cannot be held liable for breach of its fiduciary duties in its corporate capacity "as employer." (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss, Docket No. 17, 9.)

Complaint describes no behavior by Stockwell, Jr. that would amount to a breach of his fiduciary duty to Plaintiff. The Amended Complaint does not allege that it was Stockwell, Jr. who made the decision to pay benefits to decedent's father, nor does the Plan demonstrate that Stockwell, Jr., as trustee, had such authority. Plaintiff's own submissions show that the trustee's administrative duties would include distribution of monies from the fund only in accordance with written instructions from the plan administrator, Stockwell.

Plaintiff also argues, however, that Stockwell, Jr. is liable for the actions of their co-fiduciaries, pursuant to 29 U.S.C. § 1105. That provision provides that a fiduciary will be liable for the acts of a co-fiduciary where:

> (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;
> (2) if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or
> (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach."

29 U.S.C. § 1105(a).

However, claims of co-fiduciary liability require antecedent breaches of fiduciary duties by co-fiduciaries. In re Bear Stearns Cos. Sec., Derivative, & ERISA Litig., 763 F. Supp. 2d 423, 580 (S.D.N.Y. 2011) (citing Izzarelli v. Rexene Prods. Co., 24 F.3d 1506, 1525 n.34 (5th Cir. 1994)). Having determined that Plaintiff's breach of a fiduciary duty claim as to TPSI is properly dismissed, this Court cannot impose liability on Stockwell, Jr., as trustee, merely for having been copied on the letter TPSI sent to Plaintiff, informing her of the plan administrator's decision not to pay benefits.

However, the pleadings do suffice to show that Stockwell, Jr. was aware of Stockwell's decision not to pay benefits to Plaintiff. Specifically, Plaintiff has alleged that correspondence was exchanged with Defendants which requested information concerning

the denial of benefits. (See Comp. ¶¶ 15, 18, 19.) This would have put Stockwell, Jr. on notice that Stockwell was denying Plaintiff's benefits. This knowledge, in turn, may establish a breach pursuant to § 1105(a)(3).

That Stockwell, Jr. did not have discretion over the payment of these benefits does not shield him from liability under § 1105(a). "[A] fiduciary may be liable for the known breach of a co-fiduciary, even when the breach occurs in connection with a function which does not fall within the fiduciary's designated or undertaken responsibilities." Magnuson, 2006 WL 2934391, at *21; In re Pfizer Inc. ERISA Litig., No. 04 Civ. 10071(LTS)(JFE), 2009 WL 749545, at *14 (S.D.N.Y. Mar. 20, 2009); In re Polaroid ERISA Litig., 362 F. Supp. 2d 461, 480 (S.D.N.Y. 2005) ("[F]iduciaries may be liable under § 1105(a) even if their co-fiduciary's breach is beyond the scope of their own discretionary authority."); In re WorldCom, Inc. ERISA Litig., 354 F. Supp. 2d 423, 445 (S.D.N.Y. 2005); see also Silberman v. Mut. Benefit Life Ins. Co., 138 F.3d 98, 106 (2d Cir. 1998) (Jacobs, J., concurring) ("[A] co-fiduciary . . . may be held liable for another trustee's breach with respect to assets over which the defendant co-fiduciary never exercised dominion or control."). As a result, Stockwell, Jr.'s awareness of the alleged breach is sufficient to preserve Plaintiff's fiduciary duty claim against him pursuant to § 1105(a)(3).

By contrast, Plaintiff's Amended Complaint does not make clear how TPSI was a fiduciary or how it breached its fiduciary duties. A third party administrator will be deemed a fiduciary if it has "the authority to make ultimate decisions regarding benefits eligibility." Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1353 (11th Cir. 1998). However, third party administrators are not fiduciaries where they only perform ministerial duties or process claims. Kyle Rys., Inc. v. Pac. Admin. Servs., Inc., 990 F.2d 513, 516 (9th Cir. 1993). Although Plaintiff argues, in its responding memorandum, that "[t]he record indicates that TPSI has significant discretionary authority or control over administration of

the Plan," (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Pl.'s Mem."), Docket No. 17, 6), Plaintiff has not directed this Court to what part of the Plan conferred discretionary authority on TPSI.  Even if this Court considers the correspondence attached to Plaintiff counsel's affidavit, these letters do not demonstrate that TPSI exercised discretionary authority and made the "ultimate decisions regarding benefits eligibility."  Excerpts from the Summary Plan Description provided by Plaintiff attest to the fact that Plaintiff's "[e]mployer has established the Plan and has overall control and authority to administer the Plan" and that Stockwell, as plan administrator, would only appoint "professional *advisors*."  (Plaintiff's Affidavit in Opposition to Motion to Dismiss, Docket No. 16, 3 (emphasis added).)  Accordingly, Plaintiff's fiduciary duty claim against TPSI must be dismissed.  See McManus v. Gitano Group, Inc., 851 F. Supp. 79, 81 (E.D.N.Y. 1994) (finding that fiduciary claim could not be sustained because third-party administrator did not have discretionary authority)).

Accordingly, Defendants' Motion to Dismiss Plaintiff's § 29 U.S.C. § 1132(a)(2) claims will be granted except as to Stockwell, as plan administrator, and Stockwell, Jr. as trustee.

**D.    Breach of Contract**

In her Amended Complaint, Plaintiff also brings claims for breach of contract. Defendants argue that these claims are pre-empted under ERISA.  "Any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Aetna Health Inc. v. Davila, 542 U.S. 200, 2009, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004).  Plaintiff has agreed that she will "withdraw the second cause of action for breach of contract on the ground that ERISA preempts state law." (Pl.'s Mem. 2.)

Accordingly, Defendants' Motion to Dismiss Plaintiff's breach of contract claims will be granted.

### E.     29 U.S.C. § 1132(c)(1)(B)

Plaintiff claims Defendants were obligated to provide various documents she requested on October 27, 2007 relating to records describing the decedent's account and amount paid to the decedent's father. (Comp. ¶ 30.) Defendants concede that, accepting the Plaintiff's Amended Complaint as true, Plaintiff may properly bring his claim against Stockwell. Defendants argue, however, that ERISA's statutory instructions prevent Plaintiff from pursuing her § 1132(c)(1)(B) claims against any other defendant.

"Section 502(c)(1)(B) provides that '[a]ny administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant . . . within 30 days after such request may in the court's discretion be personally liable to such participant . . . in the amount of up to $100 a day from the date of such failure or refusal." Devlin v. Empire Blue Cross & Blue Shield, 274 F.3d 76, 90 (2d Cir. 2001) (quoting 29 U.S.C. § 1132(c)(1)(B)). This Court agrees that liability under 29 U.S.C.§ 1132(c)(1)(B) can attach "only to *plan* administrators, in contrast to other plan fiduciaries." Towner v. CIGNA Life Ins. Co. of N.Y., 419 F. Supp. 2d 172, 185 (D. Conn. 2006) (emphasis in original); see also Klecher, 2003 WL 21314033, at *8 (dismissing § 1132(c)(1) claim brought against party other than plan administrator).

Accordingly, Defendants' Motion to Dismiss Plaintiff's 29 U.S.C. § 1132(c)(1)(B) claims will be granted, except as to Stockwell, as plan administrator.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted as to Plaintiff's

29 U.S.C. § 1132(a)(1)(B) claims against TPSI, as well as against Stockwell and Stockwell, Jr. in their respective corporate and individual capacities. Defendants' motion is denied as to Plaintiff's § 1132(a)(1)(B) claims against Stockwell and Stockwell, Jr., in their roles as plan administrator and trustee, respectively. The motion is granted as to Plaintiff's 29 U.S.C. § 1132(a)(2) claim against TPSI, but denied as to Stockwell and Stockwell, Jr. Defendants' Motion to Dismiss is granted as to plaintiff's breach of contract claims. Finally, Plaintiff's claims under 29 U.S.C. § 1132(c)(1)(B) are dismissed except as to Plaintiff's claim against Stockwell, as plan administrator.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss (Docket No. 14) is GRANTED in part and DENIED in part in accordance with the opinion above.

SO ORDERED.

Dated: December 10, 2011
       Buffalo, New York

                                           /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                              Chief Judge
                                        United States District Court