**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

**DAWN SMITH,**

                                **Plaintiff,**

v.

                                                         **10-CV-0608S(Sr)**

**STOCKWELL CONSTRUCTION CO., INC. et al.,**

                                  **Defendants.**

---

## DECISION AND ORDER

        This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters, and for hearing and disposition of all non-dispositive motions or applications.  Dkt. #22.

        Currently before the Court is plaintiff's motion to amend her complaint (file a Second Amended Complaint), for an order extending the period for the completion of discovery and for an order directing defendants to "not submit another Stockwell Construction Company, Inc., Profit Sharing Plan to the court other than the ones that have already been submitted and the one included in this motion as Exhibits B and C."  Dkt. #28.   For the following reasons, plaintiff's motion is denied in its entirety.

**BACKGROUND**

**Factual History**

As alleged in the Amended Complaint, decedent, Kevin Smith, was employed by Stockwell Construction Co., Inc. ("Stockwell") and accrued benefits under the Stockwell Construction Co., Inc. Profit Sharing Plan.  Dkt. #11, ¶ 10.  On June 11, 1994, Kevin Smith executed a Beneficiary Designation Form designating Dawn Smith, his then-spouse, and Richard K. Smith, his father, as beneficiaries.  Dkt. #16-2, p.2.  Among other things, the form provided that if more than one beneficiary was designated, the benefits would be shared equally among the designated beneficiaries unless the form provided to the contrary; Kevin Smith's beneficiary designation form did not contain  contrary instructions.  *Id*.

In 2001, Stockwell sponsored two profit sharing plans, the Profit Sharing Plan ("Stockwell Plan") and a second plan, the Stockwell Construction Co., Inc. Open Shop Plan ("Open Shop Plan").  Dkt. #33-4, ¶ 21.  Also in 2001, Stockwell retained the services of TPSI for administering its qualified profit sharing plan.  *Id*.  According to Bennett Gagliano, the Managing Member of G&C Pension Services LLC, commonly known as TPSI, in 2001, "TPSI arranged for the restatement of both the Stockwell Plan and the Open Shop Plan in order to comply with a series of required amendments known as the GUST Amendments.  Documents for both plans were obtained from an established provider, Corbel."  *Id*. at ¶ 22.  The Corbel documents were used by both the Stockwell Plan and the Open Shop Plan until 2005.  *Id*. at ¶ 23.  Copies of the Stockwell Plan and the Open Shop Plan are attached to Bennett Gagliano's September

25, 2012 Affidavit as Exhibits A and B, respectively.  Both the Stockwell Plan and the Open Shop Plan provide as follows:

> Notwithstanding anything in this Section to the contrary, if a Participant has designated the spouse as a Beneficiary, then a divorce decree or a legal separation that relates to such spouse shall revoke the Participant's designation of the spouse as a Beneficiary unless the decree or a qualified domestic relations order (within the meaning of Code Section 414(p)) provides otherwise.

Dkt. ## 33-5, p.33 and 33-6, p.31. The Stockwell Plan and the Open Shop Plan remained in effect until 2005 when the two plans were merged into a new, single plan. Dkt. #33-4 at ¶ 24.  The new version of the Stockwell Plan was obtained from another service provider, McKay Hochman, and also contained a provision automatically cancelling spousal beneficiary designations upon divorce.  *Id*. at ¶¶ 25-26.

On July 28, 2004, Kevin Smith and Dawn Smith were divorced.  Dkt. #33-3, pp.2-3.  In connection with their divorce, Kevin Smith and Dawn Smith entered into a separate property agreement stating that with regard to pensions,

> [b]oth parties acknowledge that pensions exist. The wife acknowledges that [sic] pension account and a Thrift Savings Account with the post office and the husband acknowledges that he has a Stockwell Construction profit plan, as well as a Construction MONEY purchase plan. Each party is waiving any interest they may have in the others [sic] retirement or pension accounts. From this point forward those accounts will be solely the property of the wife respectively, and the husband respectively.

Dkt. #33-3, pp.4-19.  At no time did Kevin Smith change his designation of beneficiary form.  Dkt. #11, ¶ 12.  Kevin Smith died on or about January 31, 2007.  *Id*. at ¶ 13.  By letter dated November 27, 2007, attorneys for the Estate of Kevin M. Smith contacted

TPSI notifying them of Kevin Smith's June 11, 1994 designation of beneficiaries, the July 2004 divorce and requesting information on options Richard K. Smith may have in receiving the benefits under the plan.  Dkt. #16-1, pp.2-3.  The balance of Kevin Smith's Stockwell Plan was paid to his father, Richard K. Smith in April 2008.  Dkt. #16-1, p.1.

On or about September 24, 2009, counsel for plaintiff made a claim by letter to Stockwell to obtain the death benefit of Kevin Smith.  Dkt. #16, ¶ 2.  On or about  October 1, 2009, counsel for plaintiff received a letter from TPSI stating that the entire account was paid to Kevin Smith's father, Richard K. Smith, in April 2008 and enclosing correspondence from the attorneys representing the estate.  Dkt. ##16, ¶ 2 and 16-1, pp.1-3.  Thereafter, counsel for plaintiff requested a series of documents from TPSI and/or Stockwell, including, the beneficiary designation form, copies of the Summary Plan Description and "a copy of the record specifically describing Mr. Smith's account and the check that was disbursed to his father, Richard Smith, as described in Ms. Pikulo's letter of October 1, 2009."  Dkt. #16, ¶ 4.  By email dated November 12, 2009, counsel for plaintiff received two Summary Plan Descriptions for the Stockwell Profit Sharing Plan, one in effect in 2008 when the distribution of the account was made and the other was in effect in 2009.  *Id*. at ¶ 5.

By letter dated December 4, 2009, plaintiff appealed TPSI's decision to pay Kevin Smith's death benefits from the Profit Sharing Plan entirely to his father, asserting that TPSI relied entirely upon correspondence from the Estate of Kevin Smith without notifying plaintiff.  Dkt. ##16, at ¶ 9 and 16-5, pp. 1-3.  Thereafter, by letter

dated December 16, 2009, counsel for plaintiff received a letter from TPSI in response to the December 4, 2009 letter of appeal.  Among other things, the letter stated, "please consider this letter to be a final denial of your client's claim for benefits under the Plan . . ."  Dkt. #16-6, pp.1-2.

**Procedural History**

Plaintiff commenced this action against Stockwell, Stockwell Construction Co., Inc. as Administrator of Stockwell Construction Co., Inc. Profit Sharing Plan, Harry Stockwell, Jr., and TPSI Welfare, LLC, as Third Party Administrator of Stockwell Construction Co., Inc. Profit Sharing Plan.  Dkt. #1.  Thereafter, prior to the time within which the parties had stipulated that defendants' answer must be filed, plaintiff filed an Amended Complaint.  Dkt. #11.  On October 20, 2010, defendants both filed an Answer to the Amended Complaint and filed a motion to dismiss certain of the causes of action. Dkt. ##13 and 14.  Specifically, defendants Stockwell, Harry Stockwell, Jr., and TPSI Welfare, LLC moved to dismiss the first cause of action in the Amended Complaint.  All defendants sought to dismiss the second cause of action and the third cause of action as to all defendants, except Stockwell Construction Co., Inc. as Administrator of the Stockwell Construction Co., Inc. Profit Sharing Plan.  Dkt. #14.

On December 14, 2011, Chief, United States District Judge William M. Skretny filed his Decision and Order granting in part and denying in part defendants' motion to dismiss.  Dkt. #21.  With respect to Count One, Chief Judge Skretny found that, "to the extent Plaintiff brings suit against any defendants in a capacity other than

that of administrator or trustee, including in a corporate or individual capacity, Plaintiff's § 1132(a)(1)(B) claims must be dismissed." *Id*. at p.5.  Also with respect to Count One, Chief Judge Skretny found that plaintiff's Amended Complaint "is insufficient to show that TPSI had discretion to make a determination on Plaintiff's benefits." *Id*. Accordingly, Chief Judge Skretny concluded that TPSI was not a proper defendant to plaintiff's § 1132(a)(1)(B) claims.  *Id*.  Thus, defendants' motion to dismiss plaintiff's § 1132(a)(1)(B) claims against TPSI and Stockwell and Stockwell Jr. in their corporate and individual capacities was granted and defendants' motion to dismiss plaintiff's § 1132(a)(a)(B) claims was denied against Stockwell, as plan administrator and Stockwell, Jr. as trustee.  *Id*. at p.6.

With respect to Plaintiff's claims under § 1132(a)(2) that defendants breached their fiduciary duties by wrongfully paying to decedent's father, benefits owned by plaintiff, Chief Judge Skretny granted defendants' motion to dismiss except as against Stockwell, as plan administrator and Stockwell, Jr., as trustee.  Based on the allegations in the Amended Complaint, Chief Judge Skretny concluded that Stockwell, Jr., as the trustee, who had the duty to invest plan assets, was a plan fiduciary and further, his awareness of Stockwell's decision not to pay benefits to plaintiff was sufficient to preserve a breach of fiduciary duty against him.  Dkt. #21, pp.9-10.  With respect to plaintiff's breach of fiduciary duty claim against TPSI, Chief Judge Skretny stated, "Plaintiff's Amended Complaint does not make clear how TPSI was a fiduciary or how it breached its fiduciary duties." *Id*. at p.10.  Accordingly, Chief Judge Skretny found that plaintiff's fiduciary duty claims against TPSI must be dismissed.  As detailed

in Chief Judge Skretny's Decision and Order, plaintiff agreed that she will "withdraw the second cause of action for breach of contract on the ground that ERISA preempts state law." *Id*. at p.11.  Accordingly, Chief Judge Skretny found that defendants' motion to dismiss plaintiff's breach of contract claim is granted.  Finally, plaintiff claimed that defendants were obligated to provide various documents she requested relating to records describing the decedent's account and the amount paid to decedent's father.  Chief Judge Skretny found that liability under 29 U.S.C. § 1132(c)(1)(B) can attach "only to plan administrators," therefore, defendants' motion to dismiss was granted except as to Stockwell, as plan administrator.  *Id*. at p.12.

On or about August 14, 2012, plaintiff filed the instant motion seeking leave to file a Second Amended Complaint, an extension of time to complete discovery and an order directing that defendants not submit another Stockwell Construction Co., Inc., Profit Sharing plan to the court other than the ones that have already been submitted. Dkt. #28.  Defendants have opposed the motion arguing that plaintiff seeks to again add TPSI as a defendant on the theory that the evidence gathered during discovery established that TPSI had fiduciary duties to the Stockwell Plan.  Defendants maintain that plaintiff mis-characterizes the evidence and that urging that TPSI was the fiduciary responsible for the denial of benefits defeats her claim in the existing complaint that Stockwell was the responsible fiduciary.  Moreover, defendants claim that plaintiff's proposed second amended complaint fails to state a claim for equitable relief under 29 U.S.C. § 1132(a)(3).  And finally, defendants' argue that plaintiff's proposed second amended complaint fails to state a claim under 29 U.S.C.

§ 1132(c)(1)(B). In fact, defendants state "plaintiff's complaint fails to identify any document the plan administrator of the Plan was required to furnish her under ERISA which she has not received." Dkt. #33, p.5-6. Oral argument was heard on plaintiff's motion on November 1, 2012. For the following reasons, plaintiff's motion is denied in its entirety.

## DISCUSSION AND ANALYSIS

**Leave to Add Defendants - Fed.R.Civ.P. 21**

Although Federal Rule of Civil Procedure 15(a) generally governs the amendment of complaints, where the proposed amendment seeks to add new defendants, Federal Rule of Civil Procedure 21 governs. *Rush v. Artuz*, No. 00CIV3436 (LMMDF), 2001 WL 1313465, at *5 (S.D.N.Y. Oct. 26, 2001). Rule 21 states that "[p]arties may be . . . added by order of the court on motion of any party . . . at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. "In deciding whether to allow joinder, the Court is guided by the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Rush*, 2001 WL 1313465, at *5 (internal quotation omitted); *see Clarke v. Fonix Corp.,* No. 98CIV6166 (RPP), 1999 WL 105031, at *6 (S.D.N.Y. March 1, 1999), *aff'd* 199 F.3d 1321 (2d Cir. 1999).

**Leave to Amend the Complaint - Fed.R.Civ.P. 15(a)**

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading by leave of court or by written consent of the adverse party. Leave to amend is to be "freely granted" unless the party seeking leave has acted in bad faith, there has

been an undue delay in seeking leave, there will be unfair prejudice to the opposing party if leave is granted, or the proposed amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); Fed. R. Civ. P.15(a).  A proposed amendment is futile if the proposed new claim cannot withstand a motion to dismiss for failure to state a claim. *Milanese v. Rust-Oleum Corp.,* 244 F.3d 104, 110 (2d Cir. 2001). The decision to grant or deny a motion for leave to amend a pleading is within the discretion of the district court.  *Foman,* 371 U.S. at 182.  To survive a motion to dismiss, a party's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcraft v. Iqbal*, 555 U.S. 662, 679 (2009).

In keeping with her theory that the policy in effect at the time of Kevin Smith's death (or later) is the policy that must govern this dispute and by her quest to locate a policy that would support a finding in her favor, plaintiff has sought to manufacture confusion over which policy was in effect and in turn governs.  Admittedly, through formal discovery and informal requests made to TPSI prior to the commencement of this action, a number of policies and Summary Plan Documents have surfaced and in fact, in connection with the instant motion, it is clear that the disclosure of certain documents required clarification.  In other words, certain documents which were thought to have some significance in connection with this

dispute, are in fact unrelated and irrelevant and their disclosure has only appeared to cause confusion.[1] As will be discussed in greater detail below, any policy that may have existed *after* Kevin Smith and Dawn Smith's July 28, 2004 divorce is irrelevant. The Stockwell Plan documents in effect from 2001 through July 28, 2004 clearly provide,

> Notwithstanding anything in this Section to the contrary, if a Participant has designated the spouse as a Beneficiary, then a divorce decree or a legal separation that relates to such spouse shall revoke the Participant's designation of the spouse as a Beneficiary unless the decree or a qualified domestic relations order (within the meaning of Code Section 414(p)) provides otherwise.

Dkt. ## 33-5, p.33 and 33-6, p.31. Upon the entry of the final Judgment of Divorce Entered Upon Referee's Report filed on July 28, 2004, Kevin Smith's designation of Dawn Smith as a beneficiary was revoked. Thus, it is wholly unnecessary for this Court to even consider any of the other policies or Summary Plan Documents offered by plaintiff.

Plaintiff's proposed amendments would be futile and would not survive a motion to dismiss. Accordingly, for the following reasons, plaintiff's motion is denied. As noted by Chief Judge Skretny in his Decision and Order granting in part and denying in part defendants' motion to dismiss certain claims in the Amended Complaint (Dkt. #21), plaintiff failed to attach a copy of the Stockwell Plan to the Amended Complaint

---

[1] The Court is specifically referring to the documents requested from and supplied by Martha Kirwin from McKay Hochman. In connection with the instant motion, Ms. Kirwin submitted a second affidavit on behalf of defendants wherein she sought to clarify and correct the record as to the documents she prepared for Stockwell in or about 2005, as well as subsequent amendments to the plans.

and the Plan is "clearly essential to this Court's analysis." Dkt. #21, p.4. Once again and not surprisingly, plaintiff failed to attach the Stockwell Plan to her proposed Second Amended Complaint. As noted above, plaintiff has taken the position that there is confusion over the terms of the Plan and which Plan governs. As defendants noted in their memorandum of law in opposition to the instant motion,

> [b]ecause of an apparent miscommunication between plaintiff and Martha Kirwin of McKay Hochman, plaintiff has submitted what she believes is the correct version of the McKay Hochman plan in effect as of January 1, 2005. However, as demonstrated by the subsequent affidavit of Ms. Kirwin dated September 13, 2012, it is clear that the McKay Hochman document that was previously submitted to Judge Skretny (see Affidavit of Gary F. Kotaska dated December 3, 2010 and Exhibit thereto) was the correct Plan document.[2]

Dkt. #33, p.8 (footnote in original). Although plaintiff asserts in her proposed Second Amended Complaint that her first cause of action arises under the terms of the Plan, it is clear from the documents submitted that Kevin Smith's beneficiary designation of plaintiff was revoked as of the date of divorce, July 28, 2004. The applicable Plan documents unquestionably provide that plaintiff has no right to the benefits. Therefore, plaintiff's attempt to add TPSI and recover against TPSI for the Plan benefits fails to state a claim and would not survive a motion to dismiss.

With respect to her second cause of action, by the proposed Second Amended Complaint, plaintiff attempts to revive her claims against all defendants that

---

[2] While Plaintiff apparently believes the terms of the Plan in effect on the date of Kevin Smith's death govern her claim, this is clearly incorrect where, as here, the Plan in effect on the date of divorce (the documents identified as Exhibits A and B to the Bennett Gagliano Affidavit) cancelled the beneficiary designation as of that date.

were previously dismissed by Chief Judge Skretny without alleging any new facts that would merit re-litigating this issue. Specifically, Chief Judge Skretny dismissed the claim as to all defendants except Harry Stockwell, Jr., as plan trustee and Stockwell, as plan administrator. Similarly, with respect to Count Four of her Proposed Second Amended Complaint alleging a claim under 29 U.S.C. § 1132(c)(1)(B), plaintiff attempts to re-assert that claim against all defendants without alleging any new facts that would justify such amendment in light of Chief Judge Skretny's Decision and Order granting defendants' motion to dismiss as against all defendants except Stockwell, as plan administrator. In his Decision and Order, Chief Judge Skretny stated, "[p]laintiff claims Defendants were obligated to provide various documents she requested on October 27, 2007 relating to records describing the decedent's account and amount paid to the decedent's father. Defendants concede that, accepting the Plaintiff's Amended Complaint as true, Plaintiff may properly bring his claim against Stockwell. . . . Accordingly, Defendants' Motion to Dismiss Plaintiff's 29 U.S.C. § 1132(c)(1)(B) claims will be granted, except as to Stockwell, as plan administrator." Dkt. #21, p.12. In her Proposed Second Amended Complaint, plaintiff does not allege that anyone other than Stockwell was the plan administrator. Moreover, plaintiff has failed to identify any document that any defendant was required to produce to her under ERISA which she did not receive.

Finally, plaintiff's Proposed Second Amended Complaint seeks to add a new cause of action, Count Three, pursuant to 29 U.S.C. § 1132(a)(3)(B). Specifically, plaintiff states that she is seeking equitable relief, but she fails to specify any accepted

form of equitable relief to which she may be entitled.  In the Proposed Second Amended Complaint, plaintiff again relies on the Summary Plan Description that was available to participants and which she claims provided that the death benefits were to be paid to the designated beneficiary. Dkt. #28-3, p.8.  Plaintiff's proposed Count Three states,

> 34.  The Plaintiff and decedent were entitled to rely upon the information included in the Summary Plan Description since ERISA requires that it contain any information pertaining to the eligibility of beneficiaries and participants to Plan benefits and any circumstance that could lead to ineligibility.
>
> 35.  Plaintiff and the decedent were entitled to rely upon the information contained in the Summary Plan Description.
>
> 36.  Plaintiff continued to have a relationship with the decedent well after the divorce and knew of his intention to continue to name her as his beneficiary.  Plaintiff did remain the decedent's beneficiary on his Beneficiary Designation Form.
>
> 37.  Should the court find that there was a discrepancy between the Summary Plan Description and the Plan in effect at the time of decedent's death, Plaintiff ask [sic] that the court hold each of the Defendants liable for the payment of the value of decedent's benefits pursuant to the equitable relief available pursuant to 29 USC § 1132(a)(3)(B).

*Id*.  In addition to failing to specify the nature of the equitable relief to which plaintiff claims she is entitled, plaintiff's proposed Count Three fails to allege any facts to support a claim for equitable relief.  Notably, although plaintiff claims she and the decedent were entitled to rely on the Summary Plan Description, no where does plaintiff allege that she, in fact, did rely on the Summary Plan Description.  Accordingly, this Court agrees with defendants that this claim fails to meet the standards established in

-13-

*Twombly* and *Iqbal* and therefore, the proposed amendment, Count Three, should not be permitted.

## **CONCLUSION**

Accordingly, for the foregoing reasons, plaintiff's motion to amend the complaint, to extend the discovery deadlines and for an order directing that defendants may not submit another Stockwell Construction Co., Inc. Profit Sharing Plan to the court (Dkt. #28) is denied.

This Court's Case Management Order entered on February 29, 2012 (Dkt. #24) provided for the filing of dispositive motions by October 15, 2012. Notwithstanding the filing of the instant motion (Dkt. #28) which operated to stay this Court's Case Management Order, defendants file a motion for summary judgment on October 15, 2012 (Dkt. #35). The Court assumes that plaintiff will want the opportunity to file her opposition to the motion for summary judgment or alternatively, file a cross-motion for summary judgment.

Accordingly, the Court sets the following deadlines, plaintiff shall respond to defendants' motion for summary judgment and/or file a cross-motion for summary judgment no later than March 15, 2013. Defendants shall have until March 29, 2013 to file a reply/response. Oral argument shall be heard on April 11, 2013 at 11:00 a.m.

**SO ORDERED.**

DATED:   Buffalo, New York
         February 15, 2013

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**