UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAWN SMITH,

    Plaintiff,

  v.                  **DECISION AND ORDER**
                         10-CV-608S

STOCKWELL CONSTRUCTION CO., INC.,
as Administrator of the Stockwell Construction Co., Inc.,
Profit Sharing Plan, and HARRY STOCKWELL JR.,
as Trustee of the Stockwell Construction Co., Inc.
Profit Sharing Plan,

    Defendants.

## I. INTRODUCTION

Dawn Smith brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. She alleges that half of the funds from the profit sharing plan of Kevin Smith, her now-deceased ex-husband, ought to have been disbursed to her. She also alleges that Defendant Stockwell Construction Co. Inc., ("Stockwell Co.") improperly withheld documents from her.[1]

Defendants now move for summary judgment on both of Dawn Smith's claims. For the following reasons, that motion is granted.

---

[1] Harry Stockwell Jr., as trustee, is a defendant with respect to the alleged wrongful payment, but not with respect to the claim for withheld documents. See *infra,* at 4–5.

## II. BACKGROUND

A.     Facts[2]

Kevin Smith, who was employed by Stockwell Co. before his death in 2007, participated in a Stockwell Co.-sponsored profit sharing plan during his tenure there. (Defs.' Stmnt. ¶¶ 1–2.) In 1994, he designated his then-wife, Dawn Smith, and his father, Richard Smith, as beneficiaries under the plan; they would share any benefits equally. (Id., ¶¶ 3–5.)

On July 28, 2004 Dawn and Kevin Smith divorced (Id., ¶ 11), and, in the process, executed a property agreement that "waive[d] any interest [the Smiths] may have in each other[']s retirement or pension accounts." (Property Agreement; Docket No. 33-3.)

The profit sharing plan itself also had a provision regarding the effect of a divorce. In fact, though it is never fully explained, by the time of the divorce, Kevin Smith appears to have been subject to two plans. By way of affidavit, Bennett Gagliano, the managing partner of the company administering the plan, notes:

> At the time [July of 2004], Stockwell Construction had two plans, the Profit Sharing Plan and the Stockwell Construction Company, Inc. Employees Open Shop Plan ("Open Shop Plan"). As its name implies, the Open Shop Plan was utilized on certain construction jobs on which Stockwell Construction was required to pay a prevailing wage.

(Gagliano Aff., ¶ 21; Docket No. 33-4.)

But regardless of any differences between the two plans, there is no dispute that they both contained a clause revoking a spouse's beneficiary designation upon divorce. Specifically, the clause in both plans provided that a divorce decree "revoke[s] the Participant's designation of the spouse as a Beneficiary." ("Original" Profit Sharing Plan §

---

[2]This Court has accepted facts in Defendants' statement of undisputed facts (referred to as "Defs.' Stmnt.") to the extent that they have not been controverted by Plaintiff. See Local Rule 56(a)(2) (statements not specifically controverted are deemed admitted).

2

6.2(f), at 28, attached as Ex. A to Gagliano Aff., Docket No. 33-5) ("Open Shop" Profit Sharing Plan § 6.2(f), at 26, attached as Ex. B to Gagliano Aff., Docket No. 33-6.) Those two plans were then merged to form a separate plan, which Stockwell adopted on January 1, 2005. That plan is the subject of an ardent dispute. Dawn Smith claims that Stockwell Co. adopted one plan (without a divorce-beneficiary-revocation clause) and Defendants claim they adopted a different plan (with a divorce-beneficiary-revocation clause).

That debate arguably becomes relevant because, on January 31, 2007, three years after the divorce and with the January 1, 2005 plan (whatever it may be) still in place, Kevin Smith was murdered. (Defs.' Stmnt., ¶ 13.)

Sometime thereafter, Richard Smith made a claim for the entire death benefit. Operating under the potentially mistaken belief that the Smith's property agreement controlled, the plan administrator ultimately paid the entire amount of the benefit – $157,000 – to Richard Smith.

Then, in September of 2009, Dawn Smith's counsel made a claim for Kevin's death benefit. The next month, counsel for Plaintiff received a letter from the plan administrator, informing her that the entire account was paid to Kevin's father in April 2008. (Ciurzcak Aff., ¶ 2; Docket No.16.) Thereafter, Dawn Smith's counsel requested a series of documents from the plan administrator and Stockwell Co., including the beneficiary designation form, copies of the Summary Plan Description and "a copy of the record specifically describing Mr. Smith's account and the check that was disbursed to his father, Richard Smith." (Id., ¶ 4.) By email dated November 12, 2009, counsel for plaintiff received two Summary Plan Descriptions. (Id., ¶ 5.) No benefit, however, was ever disbursed to Dawn Smith. She now brings this action claiming that Defendants breached their fiduciary duty in paying the full

death benefit to Richard Smith.

## B.    Procedural History

Dawn Smith initially brought this action against the Defendants as they are currently constituted, as well as against Stockwell Co. in its corporate capacity; Harry Stockwell Jr. in his individual capacity; and TPSI Welfare, LLC, as the administrator of the profit sharing plan. (Am. Compl., ¶¶ 5–9.; Docket No. 11.) On October 20, 2010, Defendants moved to partially dismiss this action. Acting on that motion, by Decision and Order dated December 14, 2011, this Court dismissed Stockwell in its corporate capacity, Stockwell Jr. in his individual capacity, and TPSI altogether. With respect to Dawn Smith's claims that Defendants breached their fiduciary duties by wrongfully paying Kevin's benefits to his father, this Court granted Defendants' motion to dismiss except as against Stockwell Co., as plan administrator, and Stockwell, Jr., as trustee.

Further, as detailed in that Decision and Order, Dawn Smith agreed to "withdraw the second cause of action for breach of contract on the ground that ERISA preempts state law." (Decision and Order, at 11; Docket No. 21.)

Finally, as for Dawn Smith's claims that Defendants were obligated to provide her with various documents, this Court found that liability for such a failure, if proven, can attach only to plan administrators. This Court therefore granted Defendants' motion to dismiss except as to Stockwell Co., as plan administrator. (Id., at 12.)

Many months later, on August 14, 2012, plaintiff sought (1) leave to file a Second Amended Complaint, (2) an extension of time to complete discovery, and (3) an order directing that defendants "not submit another Stockwell Construction Co., Inc., Profit Sharing plan to the court other than the ones that have already been submitted. (Notice

of Motion; Docket No. 28.) Magistrate Judge H. Kenneth Schroeder Jr. denied that motion in its entirety. (Docket No. 39.) Dawn Smith did not appeal.

On October 15, 2012, Defendants filed the current motion for summary judgment, seeking to dismiss the remaining causes of action against the remaining defendants.  To summarize, that includes claims under 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(2) against Stockwell Co. and Stockwell Jr. for breaching their fiduciary duty by failing to properly pay Kevin's death benefits to Dawn Smith, and a claim under 29 U.S.C. § 1132(c)(1)(B) against Stockwell Co. for failing to provide Dawn Smith certain ERISA plan documents.

 Briefing on that motion concluded on March 28, 2013, at which time this Court took the motion under consideration.

## III.  DISCUSSION

### A.    Summary Judgment Standard

Rule 56 of the Rules of Civil Procedure allows a court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact."  A fact is "material" if it "might affect the outcome of the suit under governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). A "genuine" dispute exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id.  In determining whether a genuine dispute regarding a material fact exists, the evidence and the inferences drawn from the evidence "must be viewed in the light most favorable to the party opposing the motion." Adickes v. S. H. Kress & Co., 398 U.S. 144, 158–59, 90 S. Ct.1598, 1609, 26 L. Ed. 2d 142 (1970) (internal quotations and citation omitted).  The function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for

trial." <u>Anderson</u>, 477 U.S. at 249.

**B.    Dawn Smith's right to collect as beneficiary**

As an initial matter, Defendants concede that, in deciding Richard Smith's claim, they may have improperly relied on Kevin and Dawn's property agreement, executed in connection with their divorce. Indeed, distributions from an ERISA plan generally cannot be affected by outside documents or agreements unless those documents constitute a so-called "qualified domestic relations order." <u>Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan</u>, 555 U.S. 285, 299, 129 S. Ct. 865, 874, 172 L. Ed. 2d 662 (2009); <u>Krishna v. Colgate Palmolive Co.</u>, 7 F.3d 11, 16 (2d Cir. 1993); 29 U.S.C. § 1056(d)(3)(C).

But that determination, however erroneous, is now moot:  Dawn's claim for a share of the death benefit must fail because she was removed as a beneficiary on the date that her divorce was finalized.  Thus, had Defendants relied on Kevin's beneficiary designation, the result would have been the same.

Dawn Smith premises the contention that she ought to be paid half of her ex-husband's death benefit on the fact that, according to her,  the plan in place at the time of his death did not have a provision excluding her upon divorce. That plan, she argues, is the one that governs, and because it (arguably) does not have a provision excluding her, she remains a legitimate beneficiary. To be clear, Ms. Smith recognizes that there is a dispute as to which plan Stockwell Co. adopted on January 1, 2005, and whether that plan had such a provision; at this point she contends only that Defendants' motion for summary judgment must be denied because the question as to which plan governs is a genuine issue of material fact.

But it is in fact immaterial which plan governs and whether, at the time of death, that

plan had a divorce clause. Instead, the operative question asks what beneficiaries were in place at the time of Kevin's death. There can be no dispute that when Dawn and Kevin divorced, the plan in place then had a divorce-beneficiary-revocation clause. (See § 6.2(f) of "Original" and "Open Shop" Plans.) By operation of that clause, Dawn was removed as a beneficiary on July 28, 2004 – the date of divorce. Even if this Court or a fact-finder were to credit Dawn Smith's verison of the January 1, 2005 plan, the simple absence of divorce-beneficiary-revocation clause could not act to reinstate her as a rightful beneficiary. As Dawn Smith herself points out, the plan that she contends was in effect at the time of death contains a provision explaining that beneficiaries named under previous plans carry over to the new plan. It would be senseless to conclude that somehow beneficiaries carry over from one plan to the next, but the revocation of a beneficiary does not.

In short, regardless which plan was in place at the time of Kevin's death, and regardless which plan "governs," Dawn Smith's status as a beneficiary was revoked on July 28, 2004. Kevin Smith never renamed her, and, accordingly, she has no right to his benefits.  Her claims against Defendants for breaching their fiduciary duty by failing to properly disburse Kevin's death benefits are therefore denied.[3]

## C.    Stockwell Co.'s alleged failure to provide Plan documents

Dawn Smith's brings her final claim under 29 U.S.C. § 1024(b)(4). That section requires  the plan administrator to furnish certain plan documents "upon written request of any *participant or beneficiary*." Id. (emphasis added). Because Dawn Smith was neither a

---

[3]Dawn Smith does not argue that Defendants are somehow liable for providing a potentially wrong rationale in reaching the correct result. As Defendants point out, even the Supreme Court has recognized that ERISA is an "enormously complex and detailed statute," and that "people make mistakes. Even administrators of ERISA plans." Conkright v. Frommert, 559 U.S. 506, 509, 130 S. Ct. 1640, 176 L. Ed. 2d 469 (2010) (internal citation and quotation marks omitted).

participant nor a beneficiary at the time of Stockwell Co.'s alleged failure to provide the required documents, she cannot sustain a claim under this provision. Id. It is therefore dismissed.

## IV. CONCLUSION

Dawn Smith's status as a beneficiary was revoked on July 28, 2004. It was never reinstated. Her claims, which are all premised on her status as a beneficiary after that date, are therefore dismissed.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendants' motion for summary judgment (Docket No. 35) is GRANTED.

FURTHER, that the Clerk of Court shall close this case.


Dated:      February 4, 2014
            Buffalo, New York


                            /s/William M. Skretny
                            WILLIAM M. SKRETNY
                            Chief Judge
                            United States District Court